UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════════

MATTHEW R. PODWIKA,

                          Plaintiff,

                                                    DECISION AND ORDER
            v.                                             06-CV-504A

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                          Defendant.

═══════════════════════════════════════


## <u>INTRODUCTION</u>

            Plaintiff Matthew R. Podwika commenced the instant action, pursuant to

42 U.S.C. § 405(g), on July 27, 2006, seeking review of a final determination of the

defendant Commissioner of Social Security (the "Commissioner"), disallowing plaintiff's

application for disability insurance benefits under the Social Security Act.  Plaintiff

claims to be disabled due to back problems and a heart condition.  On January 4, 2007,

the Commissioner moved for judgment on the pleadings.  On January 23, 2007, the

plaintiff filed a motion for judgment on the pleadings.  The Commissioner filed a reply

memorandum on February 15, 2007.

            For the reasons stated herein, the Court grants the Commissioner's

motion for judgment on the pleadings.

## PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits on May 10, 2004, alleging disability since May 1, 2004, based on back problems and a heart condition (Tr. 47, 84, 283).[1]  The application was denied initially (Tr. 41, 42-45).  Plaintiff then requested a hearing, which was held before an Administrative Law Judge ("ALJ") on August 16, 2005 (Tr. 46, 281-300).  Plaintiff, his attorney (Paul M. Pochepan), and a vocational expert (James Phillips) were present at the hearing (Tr. 283).  The ALJ considered the case *de novo* and on October 28, 2005 found that plaintiff was not under a disability (Tr. 12-21).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on June 2, 2006 (Tr. 3-5).  This action followed.

## DISCUSSION

This Court may set aside the Commissioner's decision only if it is based upon legal error or her factual findings are not supported by substantial evidence.  42 U.S.C. § 405(g).  The Supreme Court has defined the term "substantial evidence," in the context of a Social Security case, as "more than a mere scintilla" and as that evidence which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

---

[1]     Page citations are to the transcript of the administrative record filed by the Commissioner as part of her answer.

The ALJ found that plaintiff retains the residual functional capacity to perform his past relevant work as a cost analyst and therefore is not disabled within the meaning of the Social Security Act.  After reviewing the record and the Commissioner's submissions, the Court finds that substantial evidence supports the ALJ's findings.

Plaintiff argues that the ALJ erred by failing to properly evaluate plaintiff's residual functional capacity, and to properly evaluate plaintiff's credibility.  The Court finds these arguments without merit.

In determining plaintiff's residual functional capacity, the ALJ properly considered all the medical evidence of record (Tr. 18-19).  20 C.F.R. §§ 404.1520(e), 404.1545, 404.1560.  He concluded that plaintiff could perform a wide range of light work (Tr. 18).  This finding is supported by substantial evidence.

First, State agency medical consultants, Drs. Dale and Findlay both concluded that plaintiff could perform light work activity (Tr. 220, 221).  As described in 20 C.F.R. § 404.1527(f)(2)(I) and Social Security Ruling ("SSR") 96-6p, State agency medical consultants are highly qualified physicians who are experts in the evaluation of the medical issues in disability claims under the Act.  The opinion of non-examining physicians, like Dr. Dale and Dr. Findlay, may constitute substantial evidence in support of the ALJ's determination where, as here, other evidence in the record supports it. 20 C.F.R. § 404.1527(f); Diaz v. Shalala, 59 F.3d 307, 313 n.5 (2d Cir.1995); Schisler v. Sullivan, 3 F.3d 563, 568 (2d Cir. 1993).  Thus, the ALJ's residual functional assessment is supported by the opinions of the State agency medical consults.

Further, despite plaintiff's contention, the ALJ's residual functional assessment is supported by the opinion of Dr. Dina, the consulting examiner (Tr. 203).

3

Dr. Dina opined that plaintiff should avoid those activities that lead to chest pain and/or shortness of breath due to plaintiff's cardiac status.  Id.  Dr. Dina noted that plaintiff's back pain caused "mild" limitation.  Id.  Consequently, Dr. Dina concluded that plaintiff should avoid repetitive bending, squatting, lifting medium weights, and fixed positions without the ability to change position.  Id.

The ALJ reasonably concluded that Dr. Dina's opinion was compatible with a range of light work, especially in light of his benign objective clinical findings (Tr. 201-02).  For example, Dr. Dina's examination of plaintiff's chest, lungs, cervical and lumbar spine, shoulders, elbows, forearms and wrists was normal. Id. Muscle strength was full in the upper and lower extremities.  Id.  Examination of plaintiff's heart showed regular rhythm, no murmur, no gallop and no rub.  Id.  Additionally, the lumbar x-ray ordered by Dr. Dina, which is the most recent contained in the record, showed normal disc spaces and only "mild" degenerative changes (Tr. 204).  Thus, contrary to plaintiff's assertion, the ALJ's residual functional capacity assessment is further buttressed by the opinion and findings of Dr. Dina (Tr. 18-19).

The ALJ's residual functional assessment is also supported by the notes of treating sources.  In December 2004, Dr. Iacona reported that plaintiff was no longer symptomatic from a cardiovascular standpoint (Tr. 230).  After his last stent procedure in March 2005, plaintiff reported "feeling quite well" (Tr. 279; see also Tr. 118).  Additionally, Dr. Kuruvilla's examinations consistently showed full range of motion of the lumbar spine without tenderness, full motor strength, and negative straight leg raising tests (Tr. 239, 241, 243).  Plaintiff also was neurologically intact.  Id.  Notably, in May 2004, plaintiff reported that his symptoms had much improved after physical therapy

4

(Tr. 241).  He added that he no longer had pain radiating into the leg, and that he walked "much better, which [was] a significant improvement."  Id.  In sum, these findings support the ALJ's conclusion that plaintiff could perform a range of light work (Tr. 18-19).

Based on this evidence, the Court finds that substantial evidence supports the ALJ's finding that plaintiff was capable of performing a range of light work.  See Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990) (if substantial evidence supports the Commissioner's decision, her decision must be upheld).

Contrary to plaintiff's contention, in determining that plaintiff could perform a range of light work, the ALJ also considered the impact of plaintiff's subjective allegations of pain and other symptoms on his ability to work (Tr. 19, 20).  Under the Act, a claimant's statements alone as to pain are not conclusive evidence of disability.  Rather, there must be clinical signs, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain alleged.  20 C.F.R. § 404.1529(b).  Further, if plaintiff alleges symptoms of greater severity than can be established by the objective medical findings, the ALJ will consider other evidence, including factors such as plaintiff's daily activities, the nature, extent, and duration of his symptoms, and the treatment provided.  20 C.F.R. § 404.1529(c)(3).

Here, substantial evidence supports the ALJ's findings that plaintiff's statements about the severity of his symptomatology were not fully credible to the extent alleged (Tr. 19, 20).  First, plaintiff's complaints of constant debilitating pain were

5

not consistent with the results of diagnostic and clinical evidence.  Plaintiff's most recent stress test showed significant improvement (Tr. 208, 230).  Dr. Iacona reported that plaintiff was no longer symptomatic from a cardiovascular standpoint (Tr. 230). Also, the examinations of Drs. Kuruvilla and Dina showed that plaintiff had full motor strength in both upper and lower extremities, stable joints, normal deep tendon reflexes, and full range of motion in the cervical and lumbar spine, elbows, forearms, wrists, hips, knees and ankles (Tr. 200-03, 239, 241, 243-44).  The most recent lumbar x-ray showed normal disc spaces and "mild" degenerative changes (Tr. 204).  The April 2004 lumbar CAT-scan showed impingement of the right L3 nerve root, but repeat neurological examinations were consistently unremarkable (Tr. 239, 241, 243, 245-46).

Moreover, plaintiff contradicted himself on several occasions, thereby calling into question his credibility.  Plaintiff testified to significant functional limitations, yet he also reported throughout the record that he did household chores, made household repairs, and mowed the lawn (Tr. 65, 67, 285, 290-91).  He also admitted that he shopped, cooked and went to the movies (Tr. 65, 201, 291).  He drove (Tr. 285). He played sports (Tr. 201).  Further, plaintiff reported to Dr. Kuruvilla that his back symptoms had much improved (Tr. 241).  In fact, plaintiff admitted that his low back impairment was treated only with rest and exercise (Tr. 288).  He conceded to Dr. Iacona that he was "feeling quite well" (Tr. 279).  Notably, at the time of the hearing, plaintiff was working part-time as a telemarketer, approximately sixteen to eighteen hours per week (Tr. 284, 287).  Plaintiff's inconsistent statements render his testimony suspect, and the ALJ was entitled to consider this in analyzing plaintiff's testimony.  20 C.F.R. § 404.1529(c)(4) (plaintiff's statements are material and are considered by the

6

ALJ in the determination of disability).  Thus, plaintiff's repeated inconsistencies support the ALJ's finding that his allegations of disabling symptoms and limitations were not fully credible to the extent alleged.  These facts lend credence to the ALJ's holding that plaintiff's allegations were not credible to the extent alleged, and support his finding that plaintiff could perform a range of light work (Tr. 18, 20-21).  In light of substantial evidence of record, the Court finds that this finding was reasonable.

The ALJ was not obligated to accept plaintiff's testimony about his complaints and restrictions without question, and had the discretion to evaluate plaintiff's credibility in light of the evidence in the record.  See Kendall v. Apfel, 15 F. Supp. 2d 262, 267 (E.D.N.Y. 1998).  It is the function of the [Commissioner], not [the reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of the witnesses, including the claimant.  Aponte v. Secretary, Dept of Health and Human Servs., 728 F.2d 588, 591 (2d Cir. 1984) (quoting Carroll v. Secretary, Dept. Of Health and Human Services of U.S., 705 F.2d 638, 642 (2d Cir. 1982).

## CONCLUSION

For the reasons stated, the Court grants the Commissioner's motion for judgment on the pleadings.  The Clerk of Court shall take all steps necessary to close the case.

SO ORDERED.

s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  June 26, 2007